UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JOHN BUCHANAN                                                      PLAINTIFF

v.                                         CIVIL ACTION NO. 1:18-CV-153-GNS

U.S. GOVERNMENT                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to dismiss filed by the United States (DN 4) and a "motion for claim of default" filed by *pro se* Plaintiff John Buchanan (DN 5). For the following reasons, the United States's motion to dismiss will be granted, and Plaintiff's motion will be denied.

### I. PROCEDURAL HISTORY

Plaintiff initiated this action in Barren County (Kentucky) Circuit Court on June 18, 2018. In his state-court complaint, Plaintiff wrote: "Claim Statement . . . US Government did not pay me lump sum check entitled. Amount 80,000" (DN 1-1, pp. 1-2). Plaintiff then filed what the state court determined was an amended pleading on July 16, 2018 (DN 1-1, p. 5). This document states as follows:

> I John Buchanan come before the Barren Co. Court and ask for court intervention. For reconciliation of this matter of no payment not receiving lump sum award payment check. I John Buchanan claim to be deserving of this lump sum award check for long serve with Dept. of Corrections. 20 y 8 m. Time sheet fact's: 7-20-1993 – 4-15-2014. Inmate no. 119031 Kentucky Dept. of Corr. I ask the Court to take it upon itself to help me in this matter of no lump sum award check payed, by ordering lump sum check be made to me John Buchanan.

*Id*.

On October 25, 2018, the United States removed the action to this Court. The following day the United States filed the motion to dismiss now before the Court. Plaintiff did not file a response. However, on November 5, 2018, he filed the "motion for claim of default."

## II. "MOTION FOR CLAIM OF DEFAULT"

In this motion, Plaintiff states that he wants to "claim default" because the United States "did not respond in 90 days given by court to governmental agency for answer to plaintiff concerning claim statement's." Plaintiff continues: "I ask the court to act on defendant's refusal to obey court ordered requirement of 90 days to answer plaintiff by ordering defendant . . . to pay money demand in claim." Plaintiff then writes that the state-court records show that "service was received by defendant on 7-23-2018 . . . Communication from defendant was received in mail by me on 10-29-18. This 98 days after service received." The Court construes this motion as one for a default judgment.

A default judgment may only be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The record shows that the United States has defended this action in accordance with the relevant procedural rules. Fed. R. Civ. P. 81(c) governs the time within which a defendant must "answer or present the other defenses or objections available under these rules" in removed cases. Under this Rule, a defendant has 21 days after service of the complaint or summons within which to answer. This time is extended to 60 days in cases where the defendant is the United States or is an officer or employee of the United States. Fed. R. Civ. P. 12(a)(3)(A). A defendant who has not filed an answer by the time the removal petition is filed has seven days following removal within which to answer or otherwise plead, if that time is longer than the general 21- or 60-day rule. Fed. R. Civ. P. 81(c)(2)(C).

Although the United States did not file an answer to the complaint prior to removing this action on October 25, 2018, it filed the pending motion to dismiss the following day. Thus, the entry of a default judgment is not warranted. *See also Mayer v. Wells Fargo Bank, N.A.*, No. 15-12503, 2015 U.S. Dist LEXIS 160660 (E.D. Mich. Dec. 1, 2015) (recognizing that a motion to dismiss may be filed in lieu of an answer because, under Rule 55(a), an opposing party may "otherwise defend" the action). Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's "motion for claim of default" (DN 5) is **DENIED**.

### III. MOTION TO DISMISS

In this motion, the United States seeks dismissal of this action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169

(6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In its notice of removal and this motion to dismiss, the United States construes Plaintiff's pleadings as attempting to bring a claim under the FTCA for his wrongful imprisonment from July 20, 1993 through April 15, 2014. The United States notes that the FTCA is the exclusive remedy for suits against the United States or its agencies that sound in tort. 28 U.S.C. § 2679(a). The United States then argues that the pleadings fail to state a claim upon which relief may be granted because they indicate that Plaintiff was incarcerated by the Kentucky Department of Corrections (KDOC), and not the Federal Bureau of Prisons. In support of this position, the United States attaches to their motion docket sheets from the Metcalfe County (Kentucky) Circuit Court which show that Plaintiff was charged with murder; on July 20, 1993; sentenced to 25 years in state prison on December 21, 1994; and released from the KDOC on April 22, 2014 (DN 4-2).[1]

---

[1] Courts may take judicial notice of public records. "A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

In light of the above, the Court agrees that Plaintiff has failed to state a claim against the United States upon which relief may be granted. Thus, **IT IS HEREBY ORDERED** that United States's motion to dismiss (DN 4) is **GRANTED**.

Date: December 20, 2018

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Counsel of Record
4416.011